# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID PIERCE,<br><br>　　　　　　　　　　Plaintiff,<br>vs.<br><br>SPACE AND NAVAL WARFARE SYSTEMS COMMAND; AECOM TECHNOLOGY CORPORATION<br><br>　　　　　　　　　　Defendants. | CASE NO. 13CV2022-MMA (BLM)<br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT AECOM'S MOTION TO DISMISS**<br><br>[Doc. No. 4] |

Currently pending before the Court is Defendant Aecom Technology Corporation's ("Aecom") motion to dismiss for failure to state a claim. Doc. No. 4. The Court, in its discretion, found this matter suitable for determination on the papers and without oral argument, pursuant to Civil Local Rule 7.1(d)(1). For the reasons stated below, the Court **GRANTS IN PART AND DENIES IN PART** Aecom's motion to dismiss.

## BACKGROUND[1]

On August 30, 2011, Plaintiff was working as a pipe fitter for Jackson & Blanc, a subcontractor for a project at Space and Naval Warfare Systems Command

---

[1] For the purposes of this motion to dismiss, the Court assumes the truth of all facts alleged in the Complaint. *See Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337–38 (9th Cir. 1996).

("SPAWAR"). Doc. No. 1 ("Compl.") ¶ 1. While modifying bolt holes in wall brackets, often referred to as "punchlist" work, Plaintiff stepped on the corner of a steel grate. *Id.* The grate flipped, causing Plaintiff to fall into a gaping hole underneath the work site. As a result of the fall, Plaintiff suffered a broken tibia and other injuries to his lower extremities and underwent three separate surgeries. *Id.* ¶ 4.

On August 29, 2013, Plaintiff filed this Federal Tort Claims action against Defendants SPAWAR and Aecom,[2] the general contractor on the project, alleging general negligence.[3] *Id.* Defendant Aecom now moves for dismissal, contending that under the *Privette-Toland* doctrine, a general contractor cannot be held liable for injuries that its subcontractor's employee sustains. *See* Doc. No. 4.

## **LEGAL STANDARD**

A Rule 12(b)(6) motion to dismiss tests the sufficiency of the complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). A pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). However, plaintiffs must also plead "enough facts to state a claim to relief that is plausible on its face." Fed. R. Civ. P. 12(b)(6); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard thus demands more than a formulaic recitation of the elements of a cause of action, or naked assertions devoid of further factual enhancement. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Instead, the complaint "must contain allegations of underlying facts [sufficient] to give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).

In reviewing a motion to dismiss under Rule 12(b)(6), courts must assume the

---

[2] Plaintiff has not named his employer, Jackson & Blanc, a defendant in this action.

[3] Although Plaintiff brings his claim as negligence generally, the facts alleged support various sub-claims such as negligence based on negligent exercise of retained control and failure to warn of a dangerous condition.

truth of all factual allegations and must construe them in the light most favorable to the nonmoving party. *Cahill*, 80 F.3d at 337–38. The court need not take legal conclusions as true merely because they are cast in the form of factual allegations. *Roberts v. Corrothers*, 812 F.2d 1173, 1177 (9th Cir. 1987). Similarly, "conclusory allegations of law and unwarranted inferences are not sufficient to defeat a motion to dismiss." *Pareto v. FDIC*, 139 F.3d 696, 699 (9th Cir. 1998).

In determining the propriety of a Rule 12(b)(6) dismissal, courts generally may not look beyond the complaint for additional facts. *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003). Where dismissal is appropriate, a court should grant leave to amend unless the plaintiff could not possibly cure the defects in the pleading. *Knappenberger v. City of Phoenix*, 566 F.3d 936, 942 (9th Cir. 2009).

## **DISCUSSION**

### A. *Negligent Exercise of Retained Control*

"Under California law, the general rule is that an employee of a sub-contractor may not sue the hirer of the sub-contractor in tort, but is restricted instead to a claim against the sub-contractor under the workers' compensation insurance system. This rule is generally referred to as the *Privette/Toland* rule." *Thompson v. Nat'l Steel And Shipbuilding Co.*, 391 F. App'x 608, 610 (9th Cir. 2010) (internal citations omitted). California law, however, recognizes various exceptions to this common law rule of nonliability for an independent contractor's hirer, including negligent exercise of retained control. *Montgomery v. United States*, 772 F. Supp. 2d 1256, 1262–63 (S.D. Cal. 2011) (citing *Hooker v. Dep't of Transp.*, 27 Cal. 4th 198, 115 Cal. Rptr. 2d 853, 38 P.3d 1081 (2002)). "Under the doctrine, an employee of an independent contractor may recover tort damages from a hirer that retained control over safety conditions at a worksite if 'the hirer *exercised* the control that was retained in a manner that *affirmatively* contributed to the injury of the contractor's employee.'" *Id.* (quoting *Hooker*, 27 Cal. 4th at 210) (emphasis in original).

A hirer affirmatively contributes where it "is actively involved in, or asserts

control over, the manner of performance of the contracted work." *Millard v. Biosources, Inc.*, 156 Cal. App. 4th 1338, 1348, 68 Cal. Rptr. 3d 177, 184 (2007) (internal citations omitted). A hirer may also affirmatively contribute by omission. *Hooker*, 27 Cal. 4th at 212 n.3. "For example, if the hirer promises to undertake a particular safety measure, then the hirer's negligent failure to do so should result in liability if such negligence leads to an employee injury." *Id.*

Aecom contends that as the general contractor and hirer of the subcontractor, Jackson & Blanc, it can only be held liable for Plaintiff's injuries if it retained control of the jobsite. Aecom further asserts that Plaintiff has failed to allege any facts demonstrating that Aecom, as the general contractor and hirer, retained control and that such control affirmatively contributed to Plaintiff's injury. The Court, however, disagrees. In the Complaint, Plaintiff alleges that Aecom "was in charge of safety, including the inspection and securing of the grating that all workers traversed over at the jobsite." Compl. ¶ 1. Plaintiff further alleges that Aecom failed "to properly install, maintain, test, assemble, repair, and inspect the grating, which caused the grating to give way bearing a reasonable load." *Id.* ¶ 15. Based on these facts, Plaintiff has alleged that Aecom both "retained control" because it was in charge of inspecting and securing all grates at the jobsite and "affirmatively contributed" by omission when it failed to maintain and secure the grates. *See Hooker*, 27 Cal. 4th at 212 n.3. Because Plaintiff has sufficiently alleged that Aecom both retained control of safety of the grates and affirmatively contributed to Plaintiff's injury by failing to maintain the grates, the Court **DENIES** the motion to dismiss based on the *Privette/Tolland* doctrine.

### B. *Failure To Warn of Concealed Hazardous Condition*

California law also recognizes an exception to the common law rule of nonliability for an independent contractor's hirer based on failure to warn of a concealed hazardous condition. *Montgomery*, 772 F. Supp. 2d at 1263–64. The rationale underlying this exception is "where the hazard is concealed from the

contractor, but known to the landowner, the landowner cannot effectively delegate to the contractor responsibility for the safety of its employees if it has not communicated crucial information to the contractor." *Id* (quoting *Padilla v. Pomona Coll.*, 166 Cal. App. 4th 661, 675, 82 Cal. Rptr. 3d 869, 881–82 (2008)). To state a claim for negligence based on failure to warn of a concealed hazardous condition, the plaintiff must demonstrate that "(1) [the landowner] knows or reasonably should know of a concealed, pre-existing hazardous condition on its premises; (2) the contractor does not know and could not reasonably ascertain the condition; and (3) the landowner fails to warn the contractor." *Id.* at 1263 (citing *Kinsman v. Unocal Corp.*, 37 Cal. 4th 659, 664, 123 P.3d 931, 933 (2005)).

Aecom moves for dismissal on two grounds. First, Aecom alleges that because it is not the owner of the property, it cannot be held liable for failure to warn of concealed hazards. Although the California Supreme Court used the term "landowner" in *Kinsman*, it expressly noted that the "term is used to refer to either an owner or *a possessor of land that owes some kind of duty of care to keep the premises safe*." *Kinsman*, 37 Cal. 4th at 664 n.1 (emphasis added). As such, even if Aecom does not own the land, it may still be liable for failure to warn if it has a duty to keep the premises safe.[4]

Second, Aecom contends that Plaintiff has failed to allege facts that Aecom was aware of the purportedly dangerous condition and that neither he nor his employer, Jackson & Blanc, knew about the condition. As to the first element, Plaintiff alleges that "Aecom knew that the grating was unsafe prior to Plaintiff starting to work" and that it was "supposed to replace the grating prior to the job." *Id.* ¶ 2. Plaintiff, however, does not plead any facts showing how or why Aecom knew of the unsafe grates, specifically their propensity to flip. As to the second element, Plaintiff fails to allege any facts that its employer, Jackson & Blanc, did not

---

[4] The Court expresses no opinion as to whether Aecom in fact has a duty of care to keep the premises safe.

know and could not reasonably ascertain the dangerous condition—the faulty grates. As to the third element, Plaintiff alleges that Aecom failed to warn against the grate from flipping or giving out. *Id.* ¶ 16.

Because Plaintiff has failed to allege facts demonstrating that Aecom knew of the purportedly dangerous grates as well as the second element entirely, the Court **GRANTS** Aecom's motion to dismiss. Accordingly, the Court **DISMISSES** Plaintiff's claim against Defendant Aecom for failure to warn of a hazard condition with leave to amend. *See* Fed. R. Civ. P. 15(a).[5]

## CONCLUSION

Based on the foregoing, the Court **GRANTS IN PART AND DENIES IN PART** Defendant Aecom's motion to dismiss.

**IT IS SO ORDERED.**

DATED: December 9, 2013

Hon. Michael M. Anello
United States District Judge

---

[5] If Plaintiff files an amended complaint, he shall allege each cause of action for negligence separately. For example, Plaintiff would be required to plead his claim for failure to warn of the concealed, dangerous condition separately from his claim for negligent exercise of retained control.